UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AMINATA IBIKOUNLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-4030-SLD-JAG |
| ) | |
| GENESIS HOSPITAL; UNITED STATES ) | |
| OF AMERICA; UNITED STATES ) | |
| DISTRICT COURT, CENTRAL DISTRICT; ) | |
| ROCK ISLAND COUNTY; STATE OF | |
| ILLINOIS; UNITED STATES SUPREME | |
| COURT; DR. ANIS AHMAD; TRINITY | |
| HOSPICE; TRINITY MEDICAL | |
| TERRACE PARK; DR. TOYOSIS | |
| OLUTADE | |
| | |
| Defendants. | |

ORDER

Plaintiff Aminata Ibikounle filed a pro se complaint against ten defendants. She alleges that she is terminally ill and that she wishes to have the right to die at home. Presently before the Court is her Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, and her Motion to Request Counsel, ECF No. 3. For the reasons described below, Plaintiff's motions are DENIED without prejudice. Further, her complaint is DISMISSED without prejudice.

**DISCUSSION**

On April 1, 2013, Plaintiff filed her Complaint against the above-captioned Defendants alleging unusual and cruel punishment and that she wishes to have the right to die with dignity and compassion. At this time, however, the Court is unable to determine the nature of Plaintiff's claims against each Defendant.

The Court may screen complaints prior to service on the defendants and dismiss complaints that fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Rowe v. Shake*, 196 F.3d

778, 783 (7th Cir. 1999). In terms of the financial requirements for *in forma pauperis* treatment, Plaintiff satisfies the requirement. But Plaintiff's case cannot proceed because she fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). For example, the Court cannot determine what plausible cause of action Plaintiff has against this Court or the Supreme Court. Because Plaintiff sued the Country, the State and the County, it is further unclear whether Plaintiff is challenging a Federal law, an Illinois State law or a Rock Island ordinance. Or Plaintiff may not be challenging a law since she also included private parties and corporations. The Court is unable to determine a plausible cause of action against the named doctors, the hospital, the hospice or the medical terrace park at least because the relationship of those people and entities to the Plaintiff is not explained.[1] The Court, however, grants Plaintiff permission to file an amended complaint. Plaintiff's amended complaint should plausibly allege a claim upon which relief can be granted for each defendant she chooses to include in her amended complaint. Plaintiff is further granted permission to then file another motion to proceed *in forma pauperis*. At that time the Court will review the amended complaint and motion and determine whether or not Plaintiff may proceed *in forma pauperis*. Plaintiff has until May 2, 2013, to file an amended complaint or this case may be dismissed.

Additionally, although Plaintiff has no absolute right to counsel in her civil proceeding, she asks the Court to exercise its discretion to appoint counsel for her. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). After considering the factors set forth in *Merritt*, Plaintiff's Motion, and the deficiencies in the Complaint noted above, the Court concludes that appointment of counsel is not warranted in this action at this time. In addition to not adequately alleging any

---

[1] Plaintiff's Complaint does attach some paperwork suggesting that Dr. Anis Ahmad prescribed Plaintiff some treatment and that Plaintiff was seen by the Trinity Bettendorf Emergency Department. But what actions the Doctor or Trinity did or did not take against Plaintiff is unknown.

claim for relief, Plaintiff also has not demonstrated that she has made any reasonable attempt to retain private counsel. *See Bracey v. Grondin*, No. 12-1644, 2013 U.S. App. LEXIS 5273, at *5 (7th Cir. March 15, 2013) ("District courts may ask an attorney to represent a litigant unable to pay for his own lawyer. § 1915(e)(1). To qualify, the indigent litigant must make reasonable efforts at finding counsel himself."). Accordingly, the Motion to Appoint Counsel is DENIED without prejudice.

Plaintiff is granted permission to file another motion to appoint counsel after she demonstrates that she has made reasonable attempts to find counsel herself. If she does so, the Court will consider a nonexclusive list of factors to determine whether appointment of counsel is warranted, including: (1) the merit of the plaintiff's claim; (2) plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the plaintiff to present the case; and (5) the complexity of the legal issues. *Swofford v. Mandrell*, 969 F.2d 547, 551 (7th Cir. 1992).

## CONCLUSION

For the reasons stated herein, Plaintiff's Motions for Leave to Proceed *in forma pauperis*, ECF No. 2, and to Appoint Counsel, ECF No. 3, are DENIED without prejudice, and her Complaint is DISMISSED without prejudice. Plaintiff has until May 2, 2013, to file an amended complaint. Plaintiff is further granted permission to file another motion to appoint counsel after she demonstrates that she has made reasonable attempts to find counsel herself.

Entered this 11th day of April, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE