E-FILED
Friday, 03 May, 2013  03:15:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AMINATA IBIKOUNLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-4030-SLD-JAG |
| ) | |
| GENESIS HOSPITAL; UNITED STATES ) | |
| OF AMERICA; UNITED STATES ) | |
| DISTRICT COURT, CENTRAL DISTRICT; ) | |
| ROCK ISLAND COUNTY; STATE OF | |
| ILLINOIS; UNITED STATES SUPREME | |
| COURT; DR. ANIS AHMAD; TRINITY | |
| HOSPICE; TRINITY MEDICAL | |
| TERRACE PARK; DR. TOYOSIS | |
| OLUTADE | |
| | |
| Defendants. | |

ORDER

On March 28, 2013, Plaintiff Aminata Ibikounle filed a pro se complaint, moved to proceed *in forma pauperis*, and moved the Court to appoint counsel. *See* ECF Nos. 1-3. She alleges that she is terminally ill and that she wishes to have the right to die at home. The Court denied her motions and then dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ECF No. 4. Plaintiff has now filed an amended complaint that is basically identical to her original complaint. *Compare* Complaint, ECF No. 1 *with* Amended Complaint, ECF No. 4. The Court previously explained that it is unable to determine the nature of Plaintiff's claims against each Defendant. That remains the case with her amended complaint.

**DISCUSSION**

The Court may screen complaints prior to service on the defendants and dismiss complaints that fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Rowe v. Shake*, 196 F.3d

778, 783 (7th Cir. 1999). Plaintiff's case cannot proceed because she fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff must allege specific facts that show a plausible cause of action against each named defendant. For example, the Court cannot determine what plausible cause of action Plaintiff has against this Court or the Supreme Court. Any cause of action Plaintiff might assert against either Court is almost certainly barred by the doctrine of judicial immunity. *See Killinger v. Johnson*, 389 F.3d 765, 770-71 (7th Cir. 2004). At this time, it does not look like this Court or the Supreme Court could be proper defendants.

Because Plaintiff sued the Country, the State and the County, it is further unclear whether Plaintiff is challenging a Federal law, an Illinois State law or a Rock Island ordinance. If Plaintiff wishes to challenge a statute or ordinance as unconstitutional, she should at least identify the allegedly unconstitutional statute or ordinance, identify which provision(s) of which Constitution the statute or ordinance violates, and allege specific facts that demonstrate she has suffered an injury as a result of the statute or ordinance and that the remedy she seeks would redress the injury. If Plaintiff is not challenging the constitutionality of a statute or ordinance, it is unlikely that the United States, the State of Illinois, and Rock Island County are proper defendants in this action.

Whether Plaintiff is claiming that private parties and/or corporations violated her rights is also unclear. The Court is unable to determine a plausible cause of action against the named doctors, the hospital, the hospice or the medical terrace park at least because the relationship of those people and entities to the Plaintiff is not explained.[1] If Plaintiff wishes to sue any of these

---

[1] Plaintiff's amended complaint does attach some paperwork suggesting that Dr. Anis Ahmad prescribed Plaintiff some treatment and that Plaintiff was seen by the Trinity Bettendorf

named defendants, she must allege specifics facts showing how each of them harmed her. Plaintiff should also indicate if she alleges that any of the defendants are vicariously liable for the actions of their employees or agents, making sure to identify which employee or agent harmed Plaintiff. If a person has not done something to harm Plaintiff, then that person is not likely a proper defendant in this action. If a corporation has not harmed Plaintiff and cannot be held vicariously liable for the actions that its employees or agents took against Plaintiff, then that corporation is not likely a proper defendant in this action.

For the reasons stated above, the Court hereby DISMISSES Plaintiff's amended complaint. The Court, however, grants Plaintiff permission to file a second amended complaint. Plaintiff does not have to include all of the defendants listed in her amended complaint in her second amended complaint. Because Plaintiff is proceeding pro se and because her medical condition makes this action time-sensitive, the Court has provided more guidance than usual to Plaintiff in this order. But this order is not to be taken as legal advice; if Plaintiff chooses to file a second amended complaint and believes that she can allege facts sufficient to state a plausible claim against any or all of the currently-named defendants, she is free to do so. Plaintiff has until May 24, 2013, to file a second amended complaint or this case may be dismissed.

## CONCLUSION

For the reasons stated herein, Plaintiff's amended complaint, ECF No. 6, is DISMISSED without prejudice. Plaintiff has until May 24, 2013, to file a second amended complaint.

Entered this 3rd day of May, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

---

Emergency Department. But what actions the Doctor or Trinity did or did not take against Plaintiff is unknown.