UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AMINATA IBIKOUNLE, ) | Case No. 4:13-cv-4030-SLD-JAG |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| GENESIS HOSPITAL; UNITED STATES ) | |
| OF AMERICA;  UNITED STATES ) | |
| DISTRICT COURT, CENTRAL DISTRICT; ) | |
| ROCK ISLAND COUNTY; STATE OF ) | |
| ILLINOIS; UNITED STATES SUPREME ) | |
| COURT;  DR. ANIS AHMAD; TRINITY; | |
| HOSPICE; TRINITY MEDICAL | |
| TERRACE PARK; DR. TOYOSIS | |
| OLUTADE | |
| | |
| Defendants. | |

ORDER

Plaintiff Aminata Ibikounle alleges that she is terminally ill and wishes to have the "right to die with dignity, compassion, respect, [and] honor." Second Am. Compl. at 7, ECF No. 8. Plaintiff previously filed a complaint alleging that various individuals and entities are violating her right to die in this manner. The Court dismissed Plaintiff's initial and first amended complaints without prejudice because Plaintiff failed to state a federal claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Although Plaintiff has narrowed her complaint by dropping allegations against several defendants, the second amended complaint fails to allege facts that plausibly entitle her to relief. For the reasons described below, Plaintiff's second amended complaint is DISMISSED.

DISCUSSION

The Court may screen complaints prior to service on the defendants and dismiss complaints that fail to state a claim upon which relief can be granted. See 28 U.S.C. §

1915(e)(2)(B)(ii); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Plaintiffs are required to include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 561, 570 (2007). In determining whether a complaint states a plausible cause of action, courts can give pro se plaintiffs some leeway. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se complaints, however inartfully pleaded, are to be liberally construed by courts and held to a less stringent standard than "formal pleadings drafted by lawyers.").

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. Here, Plaintiff fails to allege facts that show a plausible cause of action against each named defendant. Instead, she relies solely on conclusions. For example, Plaintiff alleges that the defendants have "participated in causing my injury." *See* Second Am. Compl. at 4. This allegation, like all of her allegations, is not accompanied by any facts that support her claim. Though Plaintiff alleges her conclusion, she does not describe any injury or how any given defendant caused such an injury. And without this information, the defendants have no notice as to the events that gave rise to the Plaintiff's claims. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) ("[T]he complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (internal quotation marks omitted). As another example, Plaintiff alleges that defendants have "subject[ed] me to cruel and unusual punishment causing pain [and] suffering, bodily harm, [and] emotional harm." *See* Second Am. Compl. at 4. Similarly, Plaintiff does not support this allegation with any details of the claim or even identify the alleged harm. Based on the lack of information in the

second amended complaint, the Court is unable to determine what acts or omissions allegedly occurred.

For the reasons stated above, the Court hereby DISMISSES Plaintiff's amended complaint.

## CONCLUSION

Plaintiff failed to state a claim on which relief may be granted by not alleging specific facts that show a plausible federal cause of action against any of the named defendants. For the reasons stated herein, Plaintiff's second amended complaint, ECF No. 8, is DISMISSED.

Entered this 12th day of June, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
